IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

ESTATE OF DUSTIN CASEY BROWN, )
BY AND THROUGH JANELLE BROWN, )
ADMINISTRATOR AND JANELLE BROWN, )
INDIVIDUALLY AND ON BEHALF OF THE )
HEIRS OF DUSTIN CASEY BROWN, )
                                   Plaintiffs, )
vs. ) Case No.:
                                 )
HUELLINGHOFF BROS., INC., )
                                 Defendant. )

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel Jeffrey A. Wilson, Dustin L. DeVaughn and Richard W. James of DeVaughn James Injury Lawyers, and for Plaintiffs' claims against the Defendant, allege and state:

1. Plaintiff Janelle Brown is a resident and citizen of Garden Plain, Sedgwick County, Kansas.

2. The Estate of Dustin Casey Brown is an estate proceeding filed in the Eighteenth Judicial District if Kansas; Case No. 2022-PR-771-DE.

3. At his time of death, decedent Dustin Casey Brown was a resident and citizen of Garden Plain, Sedgwick County, Kansas.

4. Defendant, Huellinghoff Bros., Inc. ("Huellinghoff"), is a for-profit corporation incorporated in Missouri, with its principal place of business within the State of Missouri. It may be served through its registered agent, Davelene Huellinghoff, 50 Mel Goers Court, Union, Missouri 63084.

5. This Court therefore has jurisdiction over the persons and subject matter.

6. Venue is proper in the Kansas City division of the District of Kansas.

7. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

8. On April 4, 2022, William Louis Ahring was operating a truck and trailer owned by Huellinghoff.

9. Mr. Ahring caused a collision with the truck and trailer Mr. Brown was operating (hereafter "Mr. Brown's vehicle").

10. On April 4, 2022, both Mr. Brown and Mr. Ahring approached the intersection of 150th Street and Sante Fe Lake Road in Butler County, Kansas.

11. Mr. Brown was travelling North on Sante Fe Lake Road and at all times relevant herein had the right-of-way.

12. Mr. Ahring was travelling East on 150th Street. East-bound 150th Street has a stop sign at the intersection of Sante Fe Lake Road.

13. Mr. Ahring ran the stop sign at the intersection, and travelled into Mr. Brown's path of travel, which did not include a stop sign.

14. This action violated 49 C.F.R. 392.2, K.A.R. 82-4-3h, and K.S.A. 8-1528.

15. The April 4, 2022 collision resulted in the death of both Mr. Ahring and Mr. Brown.

16. The truck and trailer being operated by Mr. Ahring at the time of the wreck weighed more than 26,000 pounds combined.

**COUNT 1: Common Law Respondeat Superior Negligence of Huellinghoff**

17. Paragraphs 1-16 are incorporated herein by reference.

18. At all times relevant herein, Mr. Ahring was an employee and/or agent of Defendant Huellinghoff and was operating in the course and scope of his employment with Huellinghoff.

19. Defendant Huellinghoff is responsible for the negligence of its agents/employees and specifically vehicle driver, Mr. Ahring, under principles of respondeat superior and vicarious liability.

20. At the time of the wreck, Mr. Ahring had delivered a load in Derby, Kansas and was heading to Leon, Kansas to pick up some haybales.

21. Upon information and belief, Mr. Ahring had exceeded the allowable number of hours he could drive or be on duty at the time of the wreck, in violation of 49 CFR 395.3 and K.A.R. 82-4-3a.

22. Mr. Ahring was therefore driving in a fatigued and distracted state in violation of 49 C.F.R. 392.30 and K.A.R. 82-4-3h.

23. Upon information and belief, Mr. Ahring was using a handheld mobile phone in violation of 49 C.F.R. 392.80 and 392.82, and K.A.R. 82-4-3h.

24. The actions and omissions of Mr. Ahring were negligent for the following reasons:

    a. Failing to stop at a stop sign;

    b. Inattentive operation of a motor vehicle;

    c. Driving while distracted;

    d. Driving while out of service;

    e. Failure to keep a proper lookout;

    f. Failure to give warning;

    g. Failure to take evasive action; and

    h.   Careless driving.

25.    These actions caused Mr. Brown injuries and death.

26.    As a result of Mr. Ahring's negligence, Mr. Brown died; suffered conscious pain and suffering; and ultimately a wrongful death. Plaintiffs' damages include funeral expenses, past medical expenses; past and future economic damages and past and future non-economic damages, and a wrongful death.

### Count 2: Common law direct negligence of Huellinghoff

27.    Paragraphs 1-26 are incorporated herein by reference.

28.    Count 2 is not asserting a negligence *per se* claim, but rather a common law claim based on Huellinghoff's failure to exercise reasonable care under the circumstances to prevent Plaintiffs from being harmed by its employees. *Estate of Parsons v. King*, 310 Kan. 897, 907, 452 P.3d 849, 857 (2019).

29.    Huellinghoff is a motor carrier operating under authority through the United States Department of Transportation with an assigned D.O.T. number of 2171299.

30.    The truck being operated by Mr. Ahring was owned, maintained, dispatched, supervised, controlled and repaired by Huellinghoff and was used as a commercial motor vehicle in both intrastate and interstate business making it subject to the Federal Motor Carrier Safety Administration regulations under 49 C.F.R. Sections 381 *et. seq*.

31.    49 C.F.R. § 390.3(e)(1)-(2) and K.A.R. 82-4-3f(a)(1)(E)-(F) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

4

32. Huellinghoff Bros., Inc. was at all material times a "motor carrier" and an "employer" of its driver Mr. Ahring in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §390.5 and K.A.R. 82-4-3f.

33. 49 C.F.R. § 392.2 and K.A.R. 82-4-3h provide that every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated—in this case, Kansas.

34. The FMCSRs are located at 49 C.F.R. § 390 et seq. The FMCSRs set forth the applicable minimum industry standard of care including the minimum qualifications for drivers and the minimum duties for drivers under 49 C.F.R. § 391.1(a) & (b).

35. The FMCSRs are adopted by Kansas law and regulations at K.S.A. 66-1,129 and K.A.R. 82-4-1, *et seq*.

36. Huellinghoff hired, supervised, and trained Mr. Ahring.

37. Huellinghoff failed to instruct Mr. Ahring on the applicable hours of service regulations.

38. Huellinghoff failed to supervise Mr. Ahring to ensure he was complying with the applicable hours of service regulations.

39. Huellinghoff failed to instruct Mr. Ahring on the dangers of driving while distracted.

40. Huellinghoff failed to supervise Mr. Ahring to ensure he was not driving while on his phone or otherwise distracted.

41. Huellinghoff failed to properly train and supervise Mr. Ahring as a cost cutting measure.

42. Huellinghoff had at all relevant times a culture of ignoring the applicable state and federal safety regulations, especially as it relates to mobile phone useage, and it refused to take any action to curb noncompliance with said regulations despite actual or constructive knowledge that such violations were occurring on a regular basis among its drivers.

43. Huellinghoff consciously failed to comply with certain federal safety regulations in training and supervising its drivers, and failed to inform Mr. Ahring of the same.

44. Huellinghoff negligently hired, retained, and supervised Mr. Ahring and negligently trained its drivers' managers.

45. As a result of Huellinghoff's negligence and their employee/agent Mr. Ahring, Mr. Brown, deceased sustained personal injuries and suffered conscious pain and suffering and ultimately a wrongful death.  Plaintiffs' damages include funeral expenses, past medical expenses; past and future economic damages and past and future non-economic damages, and a wrongful death.

## Count 3: Negligence *Per Se*

46. Paragraphs 1-45 are incorporated herein by reference.

47. Huellinghoff is an entity that, among other things, undertakes to haul propane, butane, anhydrous ammonia, liquid fertilizer, flatbed freight, and other property from place to place for persons or entities that may choose to employ or contract with Huellinghoff.

48. Huellinghoff is a "public motor carrier of property" under K.S.A. 66-1,108(e).

49. This a makes Huellinghoff a "common carrier[] within the meaning of the public utility laws of this state." K.S.A. 66-1,110.

6

50. Huellinghoff also qualifies as a common carrier under K.S.A. 66-105 as Huellinghoff is an entity operating for public use in the conveyance of property within this state.

51. K.S.A. 66-176 provides that "[a]ny … common carrier which violates any of the provisions of law for the regulation of … common carriers shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court."

52. K.S.A. 66-176 creates a private cause of action against common carriers for violations of any of the laws or regulations applicable to a common carrier that causes injury. *E.g. Dietz v. Atchison, Topeka & Santa Fe Ry. Co.,* 16 Kan. App. 2d 342, 347, 823 P.2d 810, 815 (1991).

53. As detailed above, Mr. Ahring and Huellinghoff violated the following provisions of law for the regulation of common carriers:

    a. 49 C.F.R. § 390.3(e)(1)-(2);

    b. K.A.R. 82-4-3f;

    c. 49 C.F.R. 392.80;

    d. 49 C.F.R. 392.82;

    e. 49 C.F.R. 392.3;

    f. 49 C.F.R. 395.3;

    g. K.S.A. 66-1,129;

    h. K.A.R. 82-4-3h;

    i. K.A.R. 82-4-3a

54. Each of these violations "aggrieved" Plaintiff within the meaning of K.S.A. 66-176 in that they were the proximate cause of Mr. Ahring being on the road on April 4, 2022, and the proximate cause for the wreck where Mr. Brown's personal injuries and ultimate wrongful death was sustained.

55. Therefore, Plaintiffs, in addition to their actual damages and costs, are entitled to reasonable attorney fees.

WHEREFORE, Plaintiffs pray for judgment against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: */s/ Jeffrey A. Wilson*
    Jeffrey A. Wilson, #26527
    Dustin L. DeVaughn, #16559
    Richard W. James, #19822
    jeffwilson@devaughnjames.com
    ddevaughn@devaughnjames.com
    rjames@devaughnjames.com
    3241 N. Toben
    Wichita, KS 67226
    [p] (316) 977-9999
    [f] (316) 425-0414
    *Attorneys for Plaintiffs*

## **DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL**

COME NOW the Plaintiffs and demand a pretrial conference and trial by a jury in this matter.

## **DESIGNATION FOR PLACE OF TRIAL**

COME NOW the Plaintiffs and designate Kansas City, Kansas as the place for trial of this matter.

                            By: */s/ Jeffrey A. Wilson*
                                Jeffrey A. Wilson, #26527
                                Dustin L. DeVaughn, #16559
                                Richard W. James, #19822
                                jeffwilson@devaughnjames.com
                                ddevaughn@devaughnjames.com
                                rjames@devaughnjames.com
                                3241 N. Toben
                                Wichita, KS 67226
                                [p] (316) 977-9999
                                [f] (316) 425-0414
                                *Attorneys for Plaintiffs*